[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence July 19, 1989 Date of Application April 20, 1994 Date Application Filed April 22, 1994 Date of Decision January 24, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of New London.
Docket Numbers: CR 21-37097; CR 21-37096; CR 21-37095.
Denise P. Ansell, Esq., Defense Counsel, for Petitioner.
Theresa Ferryman, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
By the Division:
In this case, the petitioner's right to have his sentence reviewed was restored by the Court following a habeas corpus proceeding in which it was stipulated that he had not been advised of his right to sentence review causing the petitioner to not file his application within 30 days of sentencing.
The petitioner was convicted following a jury trial of 3 counts of burglary, 3rd degree and 3 counts of larceny 4th degree.
He was sentenced to terms of 5 years on each of the 3 burglaries to run consecutively, and concurrent 1 year terms for the larcenies for a total effective sentence of 15 years.
These incidents occurred on July 29, 1988. The petitioner CT Page 1634 with a co-accused entered the three residences and stole money, electronic equipment, jewelry, a rifle and other miscellany.
He was apprehended as the result of a stake-out by one of the victims who found the cache of stolen property in a gravel pit near his home.
In seeking a reduction of his sentence, counsel suggests the sentencing judge overstated the seriousness of the offense and! should have been more sensitive to the petitioner's chaotic and unhappy childhood.
The petitioner's personal history is detailed in the pre-sentence report. In 1973, at the age of six, the petitioner was placed at the Waterford Country School by DCYS where he stayed until June 1975 when he returned home. Other short placements followed and in 1978 (age 11) he was placed at a residential school for problem children in Washington, Connecticut. He stayed there until May 1982 when he was placed at the New Trend Group Home in Groton, Connecticut until September 1982. He left there with an unfavorable history.
In December 1982, he was placed in the foster home of Mr. 
Mrs. Rita where he stayed until age 18 (1984). He returned to the Ritas in 1987 and again in 1988. His 1987 stay was interrupted when he was asked to leave because of his drinking and other unacceptable behavior on his part.
In April 1986, he was convicted of burglary, 2nd degree and 2 counts of larceny, 3rd degree and sentenced to 54 months, suspended after one year. In May 1986, he received a concurrent sentence for another burglary 3rd degree. He was released from that incarceration to the Perception House inpatient drug treatment; program but because of lack of motivation and unwillingness to cooperate he was sent back to jail, and then released to probation in 1987. The Probation Department again referred him for drug treatment and after an evaluation recommended a program at the Blue Hills Hospital. He refused to participate and within three months was again jailed with new charges. In March 1988 he was convicted of two new burglary 3rd degree offenses and a violation of probation of the 1986 sentence of 54 months. He received a new sentence of 42 months suspended after one year and three years of probation. He was quickly released into a home release program but by August 1988, his whereabouts were unknown and he was in violation of the home release program. In September 1988, he was CT Page 1635 arrested in New Jersey for possession of cocaine, but after waiving extradition was returned to Connecticut to face the instant charges.
After he was sentenced in these cases now under review the state nolled 6 other counts of burglary 3rd degree and 6 related larcenies ranging in degree from larceny 2nd degree to larceny 6th degree.
To the claim that the sentencing Court deemed these offenses more serious than it should have, we simply point out that the children who lived in one of the homes were emotionally upset for months after finding their room ransacked, that the victims found it unnerving when they had to testify, that jewelry with sentimental value was stolen and not recovered and that most of the victims had monetary losses in addition to feelings of being violated. In fact, these crimes had a serious impact on the victims.
In summary, this petitioner has a history of residential burglaries, of substance abuse and unwillingness to accept rehabilitative programs. The Court noted the petitioner's unstable home environment, but also noted the chances given him and the rejections. As the Court said, there comes a point when one has to be responsible for his actions. It appears that the petitioner shows little interest in changing his lifestyle of damaging criminal behavior and his isolation for the protection of innocent people is warranted.
Reviewing this sentence pursuant to the standards of Connecticut Practice Book § 942, the Division finds it is neither disproportionate nor unfair. It is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.